UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                              CIVIL ACTION NO.

**CALEB MICHAEL MARCANTEL**                                         **23-180-BAJ-EWD**

*CONSOLIDATED WITH*

IN RE:                                                              MISC. ACTION NO.

**CALEB MICHAEL MARCANTEL**                                         **23-39-BAJ-EWD**

### NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 31, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

certified mail #  7020 0640 0001 4750 6613

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                                          CIVIL ACTION NO.

CALEB MICHAEL MARCANTEL                                                         23-180-BAJ-EWD

*CONSOLIDATED WITH*

IN RE:                                                                          MISC. ACTION NO.

CALEB MICHAEL MARCANTEL                                                         23-39-BAJ-EWD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint filed in Civil Action No. 23-cv-180[1] and several documents filed in Miscellaneous Case No. 23-mc-39[2] by Plaintiff Caleb Michael Marcantel ("Marcantel"), who is representing himself. These cases were consolidated on March 24, 2023.[3] Since his original filings, Marcantel has filed additional documents in both cases. Because Marcantel's claims, which appear to be related to some effort to renounce his United States citizenship and/or to declare his personal sovereignty, are legally frivolous, it is recommended that both cases be dismissed with prejudice.

**I.   BACKGROUND**

**A.   Miscellaneous Case No. 23-mc-39**

On February 23, 2023, Marcantel filed an "Acknowledgement/Acceptance of Deed," which appears to be Marcantel's acceptance of the deed to his home.[4] Attached to the

---

[1] No. 23-180, R. Doc. 1.
[2] No. 23-mc-39, R. Doc. 1 ("Notice of Acknowledgement / Acceptance of Deed"); R. Doc. 2 ("Notice of Stipulations of Surety/Subrogee"); R. Doc. 3 ("Notice of Equitable Interest"); R. Doc. 4 ("Notice of Certificate of Assumed Name; Notice of Transfer of Reserved Name…; Act of Expatriation and Oath of Allegiance…; Revocation of Power of Attorney… DB\A Owner of Name…; Certificate of Trade Name…; and Fee Schedule…."); and R. Doc. 5 ("Notice Of Private Registered Notice of Stipulations of Surety/ Subrogee"). Marcantel has also filed additional documents in both proceedings.
[3] No. 23-180, R. Doc. 11.
[4] No. 23-mc-39, R. Doc. 1, pp. 1-2. *See also id.* at R. Doc. 3, "Notice of Equitable Interest," where Marcantel asserts an equitable interest in his home and *id.* at R. Doc. 8, "Statement of Claim and Privilege" where Marcantel seeks to preserve a lien and privilege on his home.

Acknowledgement are various other documents, including a "Mandatory Notice" purportedly asserted under the Foreign Sovereign Immunities Act regarding "vessels doing business as Caleb Michael Marcantel….;" a letter addressed to the Louisiana Secretary of State, in which Marcantel asserts his status as "an original birthright American" who is not "a municipal CITIZEN of the UNITED STATES" and who requires "private license plates or tags;" and a "Declaration of Political Status," in which Marcantel declares his "lawful birthright political status" as a Louisianian.[5] Marcantel separately filed several other documents, including "Private Registered Notice[s] of Stipulations of Surety/Subrogee," directed to the Twenty-Third Judicial District Court, that set forth purported stipulations, including a one-hundred million dollar charge "as reimbursement of property," and directed to "FRIST AMERICAN BANK CORPORATION," similarly imposing a $1.5 million charge for "reimbursement of maintenance and upkeep fees for the property."[6]

### B. No. 23-cv-180

On March 8, 2023, Marcantel filed a regular civil action, No. 23-cv-180, on a form document with several attachments.[7] In response to the Complaint form's instruction to provide a statement of his claim, Marcantel vaguely asserts: "Relief/Remedy of Subrogation from adhesion contract and or coercion and deceit," for which he seeks the relief of "ordering my

---

[5] No. 23-mc-39, R. Doc. 1, pp. 3, 7, 9. A copy of Marcantel's American State National credentials is at *id.*, p. 8. *See also* at R. Doc. 4, pp. 11-13 ("Act of Expatriation and Oath of Allegiance").

[6] No. 23-mc-93, R. Doc. 2, pp. 2, 7 (as spelled in original). This filing contains additional Notices and other documents, including quotations of Bible verses. *See also id.* at R. Docs. 5 and 6, similar "Private Registered Notice[s] of Stipulations of Surety/Subrogee" addressed to "FRIST AMERICAN BANK CORPORATION" or "First American Bank Corporation." Marcantel also filed Louisiana Secretary of State records regarding an application for a trademark on his name and several "Notice[s] of Intent - Fee Schedule[s]." No. 23-mc-93, R. Doc. 4, pp. 18-25.

[7] While the Complaint in No. 23-cv-180 alleges federal question jurisdiction, none of the purported laws Marcantel cites gives rise to subject matter jurisdiction. *See* No. 23-cv-180, R. Doc. 1, p. 3 (alleging "Trust Indenture Act of 1939," codified at 15 U.S.C. § 77aaa, *et seq.*, which regulates the public offering of securities in interstate commerce to protect investors; "Public Law – 10-CH-48-112" (it is unclear to what this citation refers); 12 C.F.R. § 1026.13 (a provision of the Truth in Lending Act addressing resolution of billing errors, also referred to on the Civil Cover Sheet as the basis for Plaintiff's claims at *id.,* R. Doc. 1-1, p. 1); U.S.C.A. Const. Art. III, § 2, cl. 1 (jurisdiction of the courts); and Art. 1, § 10 of "Power [sic, Powers] of Appointment Act 1951" (regarding estate taxes and powers of appointment).

2

subrogation rights," and claims that the amount in controversy is ninety-five billion dollars.[8] The "adhesion contract" to which Marcantel refers was not attached, and it is not clear from the Complaint to what subrogation rights Marcantel is referring; however, the two "Private Registered Notice of Stipulations of Surety/Subrogee" attached to the Complaint potentially shed light on the alleged contracts at issue. One Notice is directed to the Chief Executive Officer of "efcu Financial" and has a Loan and Security Agreement and Disclosures Statement attached, which references a $5,000 loan to Marcantel. While unclear, Marcantel's Notice says that Marcantel is secondarily liable/a surety on the loan and asserts stipulations in his favor.[9] The second Notice is directed to the Chief Executive Officer of Capital One Bank Corporation and references an account related to a GMC truck. In this Notice, Marcantel purports to "impose a charge of $1,500,000.00 US DOLLARS, as reimbursement of property," *i.e.*, the truck.[10]

Also attached to the Complaint is Marcantel's "Affidavid of Truth and Assertory Oath Repudiation and Revocation of Citizenship," which is directed to U.S. Secretary of State Antony Blinken.[11] In this document, Marcantel declares his status as an "American State National" and attempts to renounce his United States citizenship ("if any ever existed"), Social Security number ("fraudulently issued"),[12] and Social Security account.[13] Most of the rest of the document explains Marcantel's reasons for attempting to renounce his U.S. citizenship, including his beliefs regarding the "evils" of the federal Congress and judiciary, whom Marcantel asserts are responsible for various activities, including, for example, child trafficking, unauthorized cessation of American soil to the United Nations pursuant to NAFTA, mind-controlling project "MK

---

[8] No. 23-cv-180, R. Doc. 1, pp. 4-5.
[9] No. 23-cv-180, R. Doc. 1-3, which also contains several pages quoting Bible verses. The "Notices" filed in the two cases are similar.
[10] No. 23-cv-180, R. Doc. 1-4, containing the same pages of Biblical verses and a photograph of a GMC truck.
[11] No. 23-cv-180, R. Doc. 1-2, p. 5 (as spelled in original) and *see* p. 3: "…an affidavit un-rebutted in 21 days becomes the judgment."
[12] Marcantel alleges that continued use of his Social Security Number "may place my eternal soul in jeopardy, which he "will not and cannot do." No. 23-cv-180, R. Doc. 1-2, p. 7.
[13] No. 23-cv-180, R. Doc. 1-2, pp. 6-7.

Ultra," "weaponized" mosquitos, and "Unlawful conversion" of property, rights, and/or institutions.[14]

These filings[15] seem to be Marcantel's attempts to record deeds, stipulations, declarations, fee notices, and affidavits regarding his debts and property, and to claim his political status as an individual sovereign who has renounced his U.S. citizenship.[16] Even construed liberally considering his *pro se* status, none of the documents filed by Marcantel in either of the proceedings name any defendants or adequately allege a colorable cause of action.[17]

## II. LAW AND ANALYSIS

### A. The Court Has the Inherent Power to Screen Cases for Frivolousness

"[D]istrict courts have the inherent authority to screen a pleading for frivolousness and may dismiss *sua sponte* claims that are 'totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion' because such claims lack the 'legal plausibility

---

[14] *Id.,* at pp. 9-37.

[15] Marcantel has filed similar Notices of Stipulations, Notice of Equitable Interests, and Statements of Claim and Privilege, among other documents, in No. 23-cv-180. *See id.* at R. Docs. 2-3, 5-10.

[16] Marcantel also may be trying to revoke his marriage license and/or declare himself divorced. No. 23-cv-180, R. Doc. 9, pp. 3-7 ("First Notice of Revocation and Annulment of Marriage License"). However, divorce proceedings are not within this Court's jurisdiction. *See Congleton v. Holy Cross Child Placement Agency, Inc*., 919 F.2d 1077 (5th Cir. 1990) ("As a general rule, federal courts refuse to hear suits for divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification"); *Meggett v. Ayala-Meggett,* No. 15–339, 2015 WL 13216434, at *3 (W.D. Tex. Dec. 11, 2015) ("Federal courts have traditionally refused to exercise subject matter jurisdiction in a variety of domestic relations cases, including suits for divorce and alimony.") (citations omitted). The filings also contain notations implying that one of Marcantel's intentions in filing these proceedings is recordation of documents in this Court. *See, e.g.,* No. 23-mc-39, R. Doc. 5 ("Baton Rouge Recording US District"), and *e.g.,* No. 23-180, R. Doc. 1-2, p. 1 ("Baton Rouge Middle District Court of Record of the Land Jurisdiction Publicly Recorded…."). To the extent Marcantel initiated these proceedings to record documents with this Court, the filings are improper and are a waste of judicial resources, as court filings require review. Federal courts are not the proper venues for recordation of property interests, which is a state law function.

[17] *Johnson v. Attorney Office of Newman, Mathis, Brady & Spedale,* No. 12-706, 2013 WL 6834381, at *2 (M.D. La. Dec. 23, 2013) (holding a *pro se* plaintiff's filings "to less stringent standards than formal pleadings drafted by lawyers," *citing Haines v. Kerner,* 404 U.S. 519, 520 (1972) (finding allegations in a pro se complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers"). However, "*pro se* parties are not exempt from complying with the relevant rules of procedural and substantive law," *Brown v. Exeter Finance LLC*, No. 21-169, 2021 WL 4342336, at *2 (N.D. Tex. Aug. 27, 2021), report and recommendation adopted sub nom., *Brown v. Exeter Finance LLC,* No. 21-169, 2021 WL 4319666 (N.D. Tex. Sept. 23, 2021), citing *U.S. Bank, N.A. as Trustee for Registered Holders of AEGIS v. Richardson*, No. 3:17-CV-2271-L (BT), 2018 WL 5722680 (N.D. Tex. July 30, 2018) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.... Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.") (citations omitted)).

necessary to invoke federal subject matter jurisdiction.'"[18] This inherent power applies even with respect to pleadings, such as Marcantel's, in which the plaintiff is not incarcerated and/or has paid a filing fee.[19] The Fifth Circuit has recently affirmed that "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'"[20]

Because 28 U.S.C. § 1915(e) merely codifies a court's inherent power to screen actions for frivolousness, the same analysis used there will be applied to Marcantel's filings. A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[21] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[22]

### B. Marcantel's Has Not Established that He Has Followed the Required Procedure to Renounce His U.S. Citizenship; His Claims are Not Properly Before the Court and Have No Legal Effect

It is not clear from whom Marcantel seeks relief or what relief is requested. What can be gleaned from review of the filings is that Marcantel seems to be trying to renounce his U.S. citizenship (or to have his renunciation recognized).[23] While 8 U.S.C. § 1481 sets forth the manner in which United States citizenship may be relinquished by a native-born or naturalized citizen, Marcantel does not allege that he has voluntarily performed any of the intentional acts of

---

[18] *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999), citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *Dilworth v. Dallas County Community College Dist.*, 81 F.3d 616, 617 (5th Cir. 1996).
[19] *Black v. Hornsby*, No. 14-822, 2014 WL 2535168, at *3 (W.D. La. May 15, 2014), subsequently aff'd sub nom., *Black v. Hathaway*, 616 Fed.Appx. 650 (5th Cir. 2015). *See also McLean v. County of Mexico*, No. 19-591, 2019 WL 2869579, at *1 (W.D. Tx. July 3, 2019) (accord).
[20] *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019), quoting *Oneida Indian Nation of N.Y. State v. Oneida County, New York*, 414 U.S. 661, 666 (1974).
[21] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[22] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *El-Bey v. Hagerman*, No. 19-1037, 2020 WL 1236541, at *2 (N.D. Tex. Mar. 13, 2020) (dismissing claims under 28 U.S.C. § 1915A and § 1915(e) and holding: "A complaint is frivolous when it 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is 'based on an indisputably meritless legal theory.' *Id.* at 327.").
[23] *See* No. 23-mc-39, R. Doc. 1, p. 9 and R. Doc. 4, pp. 11-13; No. 23-cv-180, R. Doc. 1-2, pp. 31, 36.

relinquishment required by that statute, in the manner in which the acts are required to be performed.[24]

Notably, Marcantel's "Affidavit of Truth and Assertory Oath Repudiation and Revocation of Citizenship" acknowledges that he has not satisfied the requirements of 8 U.S.C. § 1481 to the extent that most of its subsections require affirmative actions of renunciation outside of the country: "Through its regulations, the government has made it difficult to expatriate, as they require that you leave the country and do the deed at a Consulate or Embassy…." Marcantel further alleges that: "However, President Bush may have made the task a little easier since he has Declared War against Terrorists as (6) formally renouncing U.S. citizenship within the U.S. (but only 'in time of war') (Sec. 349(a)(6) INA)," suggesting that he can avail himself of subsection (6). [25] Subsection (6) requires a renunciation be made "in a state of war" before the appropriate designee of the Attorney General (which is the Director of the United States Citizenship and Immigration Services ("USCIS")), and approved by the Attorney General.[26] In this case, and setting aside whether Marcantel can meet the "in a state of war" requirement, his "Affidavit" appears to have been sent via registered mail to Antony Blinken, the United States Secretary of State. There is no indication that Marcantel's "Affidavit" was sent to the Director of USCIS, Ur

---

[24] While "[t]he Supreme Court has recognized ... that a United States citizen has a right to renounce or abandon his birthright of citizenship," the Court has also held that "Congress has broad authority to set the conditions and procedures that an individual must satisfy in order to renounce his citizenship." *Duncan v. U.S. Dep't of State*, No. 08-564, 2008 WL 4821323, at *1 (W.D. Va. Oct. 30, 2008).
[25] No. 23-cv-180, R. Doc. 1-2, p. 31.
[26] *See* 8 U.S.C. § 1481(a)(6): "(a) A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality--(6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense…" and *Kaufman v. Holder,* 686 F. Supp. 2d 40, 42 (D.D.C. 2010) (noting that the defendants in a case involving a request for a § 1481(a)(6) renunciation, *i.e.*, the U.S. Attorney General, the Secretary of the Department of Homeland Security and the U.S. Secretary of State, took the position that the Director of USCIS is responsible for administering § 1481(a)(6).).

M. Jaddou.[27]  In any case, Marcantel has not provided any authority, and the Court is unable to find any, for the proposition that a federal district court is the proper entity to receive, or to approve of, Marcantel's attempted renunciation in the first instance.[28] Thus, any attempt by Marcantel to renounce his U.S. citizenship by means of filing in this Court is improper and has no legal effect.[29]

### C. Marcantel's Sovereign Citizen Allegations Are Frivolous and Should Be Dismissed

Relatedly, Marcantel's filings also suggest that he may be attempting to have his individual sovereignty recognized by the Court. In most, if not all, of his filings, Marcantel refers to himself as "Caleb-Michael: Marcantel ©™."[30]  Marcantel describes himself as:

> …I; A Living Soul, so called by my Father and Mother since born, Caleb-Michael; of the genealogy of Marcantel…in the Sovereign

---

[27] According to the official website for USCIS, Ms. Jaddou was appointed as director on August 3, 2021. https://www.uscis.gov/about-us/organization/leadership/ur-m-jaddou-director-us-citizenship-and-immigration-services (last visited 3/31/2023). Marcantel's "Affidavit" is dated November 11, 2022. No. 23-cv-180, p. 37.

[28] *See, Tutora v. U.S. Attorney General for Eastern District of Pennsylvania*, No. 16-195, 2017 WL 2126321, at *7 (E.D. Pa. May 16, 2017) (federal district court not the proper forum to renounce citizenship in the first instance under § 1481(a)(6) (collecting cases). 8 U.S.C. § 1101(a)(21), cited in Marcantel's "Declaration of Political Status," is not a method of renunciation because it is simply the definition of the term "national." No. 23-mc-39, R. Doc. 1, p. 9.  If Marcantel satisfies the renunciation requirements set forth in 8 U.S.C. § 1481(a), and his renunciation is denied by the applicable authority, it is possible that he could state a claim for judicial review of the denial under the appropriate statutory framework.   Only his request for a determination in this Court in the first instance is currently at issue.

[29] *See, e.g., Arnold v. U.S.*, No. 14-719, 2014 WL 3858456, at *1 (W.D. La. Aug. 5, 2014) (noting that petition seeking to renounce citizenship, social security number, and name was dismissed as frivolous); *Dudley v. Clerk of Court, EDPA*, No. 23-595, 2023 WL 2227672, at *1 (E.D. Pa. Feb. 24, 2023) (dismissing claim related to declaration of intent to renounce citizenship as legally frivolous); *Waller v. Bobby*, No. 21-541, 2021 WL 4751190, at *1 (N.D. Ohio Oct. 12, 2021) (attempt to gain release from prison by declaring intention to remain a citizen of Pennsylvania but renounce his citizenship in the United States is factually and legally frivolous); *U.S. v. Fuselier,* No. 07-535, 2008 WL 352207, at *1 (W.D. La. Feb. 7, 2008) ("Renunciation of citizenship and allegiance to the fictitious 'Common Law Court of the United States' are therefore typical, albeit frivolous, arguments advanced by tax protestors who hope to avoid tax obligations…The Fifth Circuit has described [these pleadings] as 'a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish,' noting that '[t]he government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of 'adjudicating' this meritless appeal.' *Crain v. C.I.R.,* 737 F.2d 1417, 1418 (5th Cir.1984)."); *Wennerstein v. Kelley*, No. 19-154, 2019 WL 5290517, at *2 (E.D. Ark. Sept. 26, 2019), report and recommendation adopted, No. 19-154, 2019 WL 5268635 (E.D. Ark. Oct. 17, 2019) (recommending dismissal of claim to renounce citizenship on the court's own motion as legally and factually frivolous, and noting that "the Court has found no authority which grants federal jurisdiction" to a case where one is attempting to relinquish or renounce his citizenship).

[30] *See, e.g.,* No. 23-cv-180, R. Doc. 1-2, p. 1, R. Doc. 1-3, p. 1, R. Doc. 1-4, p. 1 and No. 23-mc-39, R. Doc. 1, p. 2. *See Mack v. Sweet*, No. 17-434, 2017 WL 6756667, at *3 (N.D. Tex. Dec. 4, 2017), report and recommendation adopted*,* No. 17-434, 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017) ("Mack's filings in this case are replete with identifying characteristics of the sovereign citizen movement. In her original complaint, she refers to herself almost exclusively as "Kristin Mack © ™.").

7

> Republic Louisiana State. I presently live upon the land of the Sovereign Republic Louisiana State. I am not a Resident, Employee or Citizen of the UNITED STATES Government (Corporation), whose situs is Washington, the District of Columbia. My relationship to that Federal entity as far as jurisdiction is that of a non-resident alien to the Corporate United States Government. Also known as an American State National, or Bloodline American. I am a free and natural man….[31]

Marcantel purports to declare his own rights and obligations, and levy fines on others:

> The vessels doing business as Caleb Michael Marcantel….These vessels are publishing MANDATORY NOTICE that they are Foreign Sovereigns from Louisiana…these vessels are not subject to Territorial or Municipal United States law and owed The Law of Peace, Department of the Army Pamphlet 27-161-1…Any harm resulting from trespass upon these vessels…shall be subject to full commercial liability and penalties: 18 USC 2333….[32]

Similarly, Marcantel asserts: "To All Entities and ENTITIES however named, styled or punctuated: This Notice of Intent - Fee Schedule is a schedule of mandatory fees instated by the American First Priority Creditor, Caleb Michael Marcantel ©™…. I Caleb Michael Marcantel ©™, do hereby set forth fees to be instated in any business dealing with CALEB MARCANTEL ©™…."[33] Marcantel also purports to unilaterally change the terms of/extinguish his debt obligations.[34]

"So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens."[35] "They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman

---

[31] No. 23-cv-180, R. Doc. 1-2, p. 6. *See Mack,* 2017 WL 6756667, at *3 ("[Mack] identifies herself as a 'natural woman and free inhabitant on the land, Private American National, Secured Party....'").
[32] No. 23-mc-39, R. Doc. 1, p. 3.
[33] No. 23-mc-39, R. Doc. 4, p. 25.
[34] *See* No. 23-cv-180, R. Doc. 1-3, p. 2, "Private Registered Notice of Stipulations of Surety/Subrogee" directed to efcu Financial regarding Marcantel's loan #121.
[35] *Brown,* 2021 WL 4342336, at *5, citing *Mack,* 2017 WL 6756667, at *3-4 (citing *Gravatt v. U.S.*, 100 Fed. Cl. 279, 282 (2011)). Marcantel claims to be "grandfathered since 1860 from every act of Congress." No. 23-mc-39, R. Doc. 1, p. 7.

trusts, and Bible verses."[36] "And sovereign citizens often attempt to use their beliefs to, among other things, 'extinguish debts.'"[37] "But sovereign citizen legal arguments and theories 'are not valid in the courts of the United States' and have been overwhelmingly rejected for years as frivolous and 'indisputably meritless.'"[38] "Further, claims 'that seem to derive from the so-called 'sovereign[-]citizen movement' are legally frivolous."[39]

"It is common for sovereign citizens to utilize particular frivolous theories, such as claiming to copyright their own names and filing supposed UCC financing statements that exempt them from taxation by becoming a 'secured party' or 'secured creditor.'"[40] However, "these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse."[41] Consequently, courts routinely dismiss sovereign citizen claims—like those that appear to be contained in Marcantel's Complaint, acts, notices, affidavits, and stipulations—as frivolous and without merit.[42]

### D. Leave To Amend Is Not Warranted and Dismissal with Prejudice is Appropriate

Finally, while unrepresented plaintiffs are often granted leave to amend, "dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case."[43] Marcantel has already filed many documents since initiating these proceedings. In those

---

[36] *Brown*, 2021 WL 4342336, at *5, citing *Mack,* 2017 WL 6756667, at *3 (citing *Mason v. Anderson*, No. 15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016).
[37] *Brown* at *id.,* citing *Westfall v. Davis*, No. 18-23, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018).
[38] *Brown* at *id.,* citing *Mack*, 2017 WL 6756667, at *3-4; *see also, Watson v. Texas State University*, 829 Fed.Appx. 686, 686 (5th Cir. 2020).
[39] *Brown* at *id.*, citing *Davis v. FNU LNU*, No. 21-1605, 2021 WL 3353969, at *7 (N.D. Tex. July 13, 2021) (internal quotations omitted) (quoting *Westfall*, 2018 WL 2422058, at *2 (noting that "[s]overeign-citizen legal arguments ... are indisputably meritless")); *Hughes v. Shannon*, No. 20-637, 2021 WL 1093110, at *5 (N.D. Tex. Mar. 2, 2021); *United States v. Weast*, 811 F.3d 743, 746, 746 n. 5 (5th Cir. 2016).
[40] *Mack*, 2017 WL 6756667, at *3.
[41] *Brown* at *id.,* citing *Mack*, 2017 WL 6756667, at *3 (citing *Mason*, 2016 WL 4398680, at *2).
[42] *Brown* at *id.*, citing *Davis*, 2021 WL 3353969, at *7; *Westfall*, 2018 WL 2422058, at *2; *Berman v. Stephens*, No. 14-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases); *Mack,* 2017 WL 6756667, at *4 (recommending dismissal of sovereign citizen claims as frivolous because "[s]overeign citizen legal theories are not valid in the courts of the United States….").
[43] *Brown,* 2021 WL 4342336, at *5, citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

9

documents, Marcantel has presented his best case, including affidavits and oaths, and has failed to state a claim for non-frivolous relief; therefore, leave to amend is not warranted.[44]

Accordingly, it is recommended that Marcantel's cases be dismissed with prejudice as frivolous.[45] It is further recommended that Marcantel be required to obtain leave from a judge of this Court prior to filing any additional documents, regardless of the nature of the filing,[46] and that he be advised that repeated attempts to file frivolous matters may result in sanctions, including monetary sanctions.[47]

### III. RECOMMENDATION

This Court has the inherent power to screen cases for frivolousness. Both proceedings initiated by Plaintiff Caleb Michael Marcantel assert claims of individual sovereignty and efforts by Marcantel to renounce his U.S. citizenship in this Court, which are frivolous.

Accordingly,

**IT IS RECOMMENDED** that miscellaneous case No. 23-mc-39 and civil action No. 23-cv-180 be **DISMISSED WITH PREJUDICE** as frivolous.

---

[44] *See Davis v. U.S. Small Business Administrative Office of Disaster Assistance*, No. 21-1231, 2021 WL 6274579, at *3 (N.D. Tex. Dec. 8, 2021), report and recommendation adopted sub nom., *Davis v. U.S. Small Bus. Admin. Off. of Disaster Assistance,* No. 21-1231, 2022 WL 35715 (N.D. Tex. Jan. 4, 2022). ("Furthermore, '[i]t is not incumbent on the court to give litigants repeated opportunities to prosecute and defend their claims,' particularly when, as here, Davis advances legally frivolous claims." (citations omitted)). *See also Brown,* 2021 WL 4342336, at *5-6 (denying leave to amend when the *pro se* plaintiff amended his petition twice without leave of court and had an ample opportunity to present his case based on the facts already presented but "[n]either his factual allegations nor his legal theories are sufficient to state any legally cognizable claim.").

[45] *Davis,* 2021 WL 6274579, at *5 (recommending dismissal of sovereign citizen claims with prejudice as frivolous); *Brown,* 2021 WL 4342336, at *6 (recommending dismissal of sovereign citizen claims with prejudice as frivolous); and *Mack,* 2017 WL 6756667, at *4 (recommending dismissal of claims, including sovereign citizen claims, with prejudice after the *pro se* plaintiff had been given an opportunity to plead her best case).

[46] *See Davis,* 2021 WL 6274579, at *5, citing *Toon v. Wackenhut Corrs. Corp.*, 250 F.3d 950, 954 (5th Cir. 2001) (explaining that courts may issue an order prohibiting the filing of further lawsuits without obtaining leave of court as a sanction within its inherent power).

[47] *See Davis,* 2021 WL 6274579, at *3 (recommending sanctions and holding, "While 'the judicial system is generally accessible and open to all individuals,' *Kaminetzky v. Frost Nat. Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995), 'district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants ... *Pro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.' *Ruston v. Dallas County*, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008), quoting *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).").

**IT IS FURTHER RECOMMENDED** that a copy of this Report and Recommendation be served on Plaintiff Caleb Michael Marcantel via certified mail, return receipt requested, at his address of record on PACER.

**IT IS FURTHER RECOMMENDED** that Caleb Marcantel be required to obtain leave from a judge of this Court prior to filing any additional documents, regardless of the nature of the filing, and that Marcantel be advised that repeated attempts to file frivolous matters may result in sanctions, including monetary sanctions.

Signed in Baton Rouge, Louisiana, March 31, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**